IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-HC-2260-D

| | | |
|---|---|---|
| PRADEEP SRIVASTAVA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Respondents. | ) | |

On November 29, 2010, in the District of Maryland,[1] Pradeep Srivastava ("Srivastava" or "petitioner"), a federal prisoner in the custody of the Bureau of Prisons ("BOP"), filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1], along with a "motion for urgent bail" [D.E. 2] and a motion to edit an exhibit attached to his petition [D.E. 3]. When he filed the petition, Srivastava was incarcerated at the Low Security Correctional Institution in Butner, North Carolina ("Butner"). See Pet. 1. Thus, on December 10, 2010, the District of Maryland transferred the petition to this district [D.E. 4]. On December 28, 2010, Srivastava filed another "motion for urgent bail" [D.E. 7]. On February 25 and March 30, 2011, Srivastava filed motions to amend his petition [D.E. 8–9]. Srivastava was then transferred to the Federal Correctional Institute Satellite Camp in Cumberland, Maryland, and on May 19, 2011, filed a motion to transfer the petition to the District

---

[1] On October 8, 2009, in the District of Maryland, a jury convicted Srivastava of two counts of income tax evasion in violation of 26 U.S.C. § 7201 and one count of filing a false income tax return in violation of 26 U.S.C. § 7206. See United States v. Srivastava, No. RWT 8:05-cr-0482-01 (D. Md.) [D.E. 111] (jury verdict), [D.E. 162] (criminal judgment); see also Pet. 1. The district court sentenced Srivastava to a 46-month term of imprisonment. Srivastava, No. RWT 8:05-cr-0482-01 (D. Md. Feb. 5, 2010) [D.E. 162]. Srivastava appealed various evidentiary issues, and the United States Court of Appeals for the Fourth Circuit affirmed. United States v. Srivastava, 411 F. App'x 671 (4th Cir. 2011) (per curiam) (unpublished).

of Maryland [D.E. 10]. The matter is before the court for a preliminary review pursuant to 28 U.S.C. § 2243. For the reasons explained below, the court dismisses the petition without prejudice.

A party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of opposing counsel or by leave of court. Fed. R. Civ. P. 15(a)(2). Because Srivastava's petition is subject to a preliminary review pursuant to 28 U.S.C. § 2243, no respondent has been served. Accordingly, Srivastava's motions for leave to amend his petition are granted. The court reviews all of Srivastava's filings together to determine whether Srivastava has stated any claim upon which relief may be granted.

Srivastava alleges that he has been denied medical treatment in violation of the Eighth Amendment of the United States Constitution. Specifically, Srivastava alleges that he suffers from diabetes, and as a result of the poor diet and preventative care at Butner, he has gone into "Hypoglycemic coma" on two occasions and during one such coma suffered a "Brain concussion and skull laceration along blunt trauma to sacroiliac area, causing chronic disabling back pains and dizziness." [D.E. 2] at 2; see also [D.E. 3] at 2; [D.E. 8] at 3–4; [D.E. 9] at 4. Srivastava also alleges that in February 2011 (after he filed this petition) he was assaulted by another inmate and sent to the special housing unit, where he "was kept without my lifesaving high Blood Pressure and cholesterol pills for five whole days in severe headache, trying to avoid going into hypoglycemic shock." [D.E. 8] at 2. Srivastava seeks his release from BOP custody as the sole remedy for the failure to properly treat his medical conditions. Pet. 8.

Srivastava's claim is not cognizable in a petition for writ of habeas corpus because he is not challenging the execution of his sentence. In Preiser v. Rodriguez, 411 U.S. 475 (1973), the

2

Supreme Court held that a writ of habeas corpus is the exclusive remedy for inmates seeking release from their confinement. Id. at 500. Thus, a prisoner may not use 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), to seek release from unconstitutional confinement. See id. On the other hand, when an inmate challenges his conditions of confinement, whether seeking monetary or injunctive relief, the inmate may bring his claim pursuant to either 42 U.S.C. § 1983 (if a state prisoner) or Bivens (if a federal prisoner). See, e.g., Nelson v. Campbell, 541 U.S. 637, 643 (2004); Muhammad v. Close, 540 U.S. 749, 750–51 (2004) (per curiam); Preiser, 411 U.S. at 494, 498–99; Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir. 1978).

An action may be a hybrid of habeas and Bivens when an inmate "seek[s] relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement." Muhammad, 540 U.S. at 751; see Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) ("[H]abeas remedies do not displace § 1983 actions where success in the civil rights suit would not necessarily vitiate the legality of (not previously invalidated) state confinement."). Here, success on the merits of Srivastava's Eighth Amendment claim would not invalidate his conviction. Therefore, this action is not the type of hybrid action discussed in Muhammad and Wilkinson.

Srivastava seeks his release rather than monetary damages or some other form of relief (such as an order compelling medical treatment).

> As release is not available under Bivens, [a] habeas corpus petition would be proper if release were among the possible remedies for an Eighth Amendment deliberate indifference claim. Unfortunately for [petitioner], it is not. If an inmate established that his medical treatment amounts to cruel and unusual punishment, the appropriate remedy would be to call for proper treatment, or to award him damages; release from custody is not an option.

3

Glaus v. Anderson, 408 F.3d 382, 387 (7th Cir. 2005) (collecting cases); see also Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011) (noting that equitable relief is unavailable under the Federal Tort Claims Act); cf. Parker v. Hickey, No. 10-CV-392-JMH, 2011 WL 839563, at *5–6 (E.D. Ky. Mar. 7, 2011) (unpublished) (dismissing Bivens action seeking release based on BOP's inability to provide proper medical care; "[p]roperly viewed, this is not a challenge to the BOP's execution of his sentence, but a direct challenge to his sentence of incarceration itself.").[2] Accordingly, the action is not appropriate under 28 U.S.C. § 2241.

Next, the court addresses whether to convert the section 2241 petition into a Bivens or Federal Tort Claims Act ("FTCA") action. Although pro se litigants are held to less stringent pleading standards than attorneys, they must identify their claims. See, e.g., Slade v. Hampton Rds. Reg'l Jail, 407 F.3d 243, 252–53 (4th Cir. 2005); Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004). The court has reviewed the petition and finds it inappropriate to convert the petition.

As for a possible Bivens action, first, Srivastava has not named any defendant who is directly involved in his medical care. See, e.g., Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001) ("In a Bivens suit, . . . . liability is personal, based upon each defendant's own constitutional violations." (citation omitted)). Second, conversion is inappropriate because the requirements of the Prison Litigation Reform Act of 1995 ("PLRA") — including exhaustion of remedies — apply to Bivens actions, but do not apply to section 2241 actions. See, e.g., Smith v. Angelone, 111 F.3d 1126, 1129–31 (4th Cir. 1997); cf. Timms v. Johns, 627 F.3d 525, 530–33 (4th Cir. 2010). The PLRA states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983

---

[2] Notably, on March 14, 2011, Srivastava filed a "motion for correction of sentence" in his criminal case, which remains pending before his sentencing court in Maryland. Srivastava, No. RWT 8:05-cr-0482-01, [D.E. 190].

4

..., or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532; see Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedies regardless of the relief offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211. It is not clear whether Srivastava has exhausted administrative remedies:[3] he has submitted copies of informal requests to staff rather than copies of grievance forms and administrative responses.[4] However, many of the acts of which Srivastava complains did not occur until after he filed his petition, and thus could not have been exhausted prior to filing suit. Finally, as noted, the sole relief Srivastava seeks is not available to him under Bivens. Thus, the court declines to convert petitioner's section 2241 petition into a Bivens action. See Robinson, 631 F.3d at 841 ("[A] habeas corpus action and a prisoner civil rights suit differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if

---

[3] The PLRA does not require that an inmate allege or demonstrate in his complaint that he has exhausted his administrative remedies. See Anderson v. XYZ Correctional Health Servs., 407 F.3d 674, 675 (4th Cir. 2005).

[4] The BOP grievance process is set forth at 28 C.F.R. § 542.13-.15, and the Fourth Circuit has described the grievance process in Hill v. Haynes, 380 F. App'x 268, 269 n.1 (4th Cir. 2010) (per curiam) (unpublished).

5

..., or any other Federal law, by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–85 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter, 534 U.S. at 532; see Jones v. Bock, 549 U.S. 199, 211 (2007). A prisoner must exhaust administrative remedies regardless of the relief offered through administrative procedures. See Booth v. Churner, 532 U.S. 731, 740–41 (2001). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 549 U.S. at 211. It is not clear whether Srivastava has exhausted administrative remedies:[3] he has submitted copies of informal requests to staff rather than copies of grievance forms and administrative responses.[4] However, many of the acts of which Srivastava complains did not occur until after he filed his petition, and thus could not have been exhausted prior to filing suit. Finally, as noted, the sole relief Srivastava seeks is not available to him under Bivens. Thus, the court declines to convert petitioner's section 2241 petition into a Bivens action. See Robinson, 631 F.3d at 841 ("[A] habeas corpus action and a prisoner civil rights suit differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if

---

[3] The PLRA does not require that an inmate allege or demonstrate in his complaint that he has exhausted his administrative remedies. See Anderson v. XYZ Correctional Health Servs., 407 F.3d 674, 675 (4th Cir. 2005).

[4] The BOP grievance process is set forth at 28 C.F.R. § 542.13-.15, and the Fourth Circuit has described the grievance process in Hill v. Haynes, 380 F. App'x 268, 269 n.1 (4th Cir. 2010) (per curiam) (unpublished).

5

possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus.").

As for a possible FTCA action, a prisoner "can sue under the [FTCA] to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150, 150 (1963). Srivastava must first "present[ his claim] in writing to the appropriate Federal agency within two years after such claim accrues" and then commence an FTCA action "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Moreover, North Carolina substantive law controls any such FTCA action. See, e.g., Cibula v. United States, 551 F.3d 316, 319 (4th Cir. 2009) (FTCA "requires the law of the place where the act or omission occurred to be applied"). Thus, Srivastava must support his complaint with specific allegations or a motion that his "medical care has been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care." N.C. R. Civ. P. 9(j). Failure to comply with Rule 9(j) is ground for dismissal of a state medical-malpractice claim filed in federal court. See, e.g., Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 649 (M.D.N.C. 2004); Frazier v. Angel Med. Ctr., 308 F. Supp. 2d 671, 676–77 (W.D.N.C. 2004); Moore v. Pitt Cnty. Mem'l Hosp., 139 F. Supp. 2d 712, 713 (E.D.N.C. 2001). Thus, the court declines to convert petitioner's section 2241 petition into an FTCA action.

In sum, the court GRANTS petitioner's motions to amend [D.E. 3, 8–9], and DISMISSES the petition without prejudice. The court DENIES AS MOOT petitioner's motions "for urgent bail" [D.E. 2, 7] and motion to transfer [D.E. 10]. The Clerk of Court shall close the case.

6

Case 5:10-hc-02260-D   Document 12   Filed 08/01/11   Page 6 of 7

SO ORDERED. This <u>1</u> day of August 2011.

*[signature]*
JAMES C. DEVER III
United States District Judge

7